IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

GARY S. JOHNSON #1054987      §

v.      §      CIVIL ACTION NO. 5:06cv274

NURSE KERRYVILLE      §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Gary S. Johnson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson's complaint was not a model of clarity, but he appeared to sue a nurse whom he said was "very prejudiced" against him.  He acknowledged that he had not exhausted his administrative remedies, saying that he had only filed a Step One grievance; in addition, his complaint was signed less than two weeks after the date cited his complaint, further indicating that he had not pursued his claims through both steps of the TDCJ administrative grievance procedure.

On December 14, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to exhaust administrative remedies.  Johnson received a copy of this Report on December 18, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

1

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge.  Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct.  The Court does note in this regard that the Supreme Court has recently held that exhaustion of administrative remedies is an affirmative defense, rather than a pleading requirement imposed upon plaintiffs.  Jones v. Bock, slip op. no. 05-7058 (January 22, 2007).  This comports with the practice within the Fifth Circuit.  Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003) (stating that a dismissal under the exhaustion statute is made upon the pleadings without proof; thus, as long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal). In this case, however, Johnson's pleadings affirmatively show that he did not exhaust his administrative remedies, and so his lawsuit is amenable to dismissal on this basis.  It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 5th day of February, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE